## SCHMIDT *v.* BADGER.

Under schedules B and D of sect. 2504 of the Revised Statutes, ale and beer
imported in bottles is subject to a duty of thirty-five cents per gallon, and a
further duty of thirty per cent *ad valorem* is imposed on the bottles.

ERROR to the Circuit Court of the United States for the
Southern District of Louisiana.

The facts are stated in the opinion of the court.

*Mr. Charles W. Hornor* for the plaintiffs in error.
*The Solicitor-General, contra.*

MR. JUSTICE BLATCHFORD delivered the opinion of the
court.

This suit was brought to recover back customs duties paid
under protest on glass bottles containing beer and ale, imported
from abroad. The collector exacted a duty of thirty per cent·
*ad valorem* on the bottles. The plaintiffs contended that as a
duty of thirty-five cents per gallon had been paid on the con-
tents of the bottles, such duty covered all which the law im-
posed on the bottles. There was a verdict for the defendant
under a charge by the court to the jury that, although a duty
of thirty-five cents per gallon had been paid on the contents
of the bottles, a further duty of thirty per cent *ad valorem* was
chargeable on the bottles. After a judgment for the defend-
ant the plaintiffs sued out this writ of error.

The importations in question were made in February and
March, 1881. In order to a clear understanding of the statu-
tory provisions in force ·at that time it will be useful to trace
the course of legislation on the subject.

It was enacted by sect. 3 of the act of Jan. 29, 1795, c. 17,
that the duty on any wines imported into the United States
shall not be less than ten cents per gallon, " and that bottles in
which any liquor is imported shall be subject to the payment of
the like duty as empty bottles."

By sect. 8, of the act of Aug. 30, 1842, c. 270, duties were
imposed on various liquors and wines, in casks and in bottles,
at so much per gallon, the duty on importations in casks being
never higher than on importations ·in bottles, and generally

much lower, and it was enacted that " when wines are imported in bottles, the bottles shall pay a separate duty." The same section provided that ale, porter, and beer in bottles should pay twenty cents per gallon, and otherwise than in bottles, fifteen cents per gallon. The same act imposed a duty on bottles.

By sect. 6 of the act of March 2, 1861, c. 68, it was provided that " brandies or other spirituous liquors may be imported in bottles, when the package shall contain not less than one dozen, and all bottles shall pay a separate duty, according to the rate established by this act, whether containing wines, brandies, or other spirituous liquors." The same section imposed a duty on ale, porter, and beer in bottles, of twenty-five cents per gallon, and otherwise than in bottles, fifteen cents per gallon. The seventeenth section of the same act imposed a duty of thirty per cent *ad valorem* on " all glass bottles or jars filled with sweetmeats, preserves, or other articles." Here was a duty on the bottles containing liquors, wines, or ales, as well as on the contents.

By sect. 2 of the act of June 30, 1864, c. 171, it was provided that the separate duty on bottles " containing wines, brandies, or other spirituous liquors subject to duty " should be two cents each ; and that the duty on ale, porter, and beer in bottles should be thirty-five cents per gallon, and otherwise than in bottles, twenty cents per gallon. By sect. 9 of the same act, a duty of forty per cent *ad valorem* was imposed on " all manufactures of glass . . . not otherwise provided for, and all glass bottles or jars filled with sweetmeats or preserves, not otherwise provided for." Here was a duty on the bottles containing liquors and ales, in addition to the duties on their contents, although the duty on bottles containing ale was expressed as an *ad valorem* duty on manufactures of glass, not otherwise provided for, and the duty on bottles containing liquors was expressed as a duty of two cents each.

By sect. 21 of the act of July 14, 1870, c. 255, the same rate of duty per gallon was imposed on wines imported in bottles as on wines imported in casks, and a duty of three cents in addition was imposed on each bottle ; and the same section further provided that " wines, brandy, and other spirituous liquors imported in bottles shall be packed in packages containing not

less than one dozen bottles in each package, and all such bottles shall pay an additional duty of three cents for each bottle." Under this act it was held by this court that each bottle containing champagne wine was subject to a duty of three cents in addition to the duty on the champagne wine. *De Bary* v. *Arthur*, 93 U. S. 420.

We now come to the Revised Statutes, under which the duties in the present case were collected. Schedule D of sect. 2504 imposes the following duties: "Ale, porter, and beer in bottles: thirty-five cents per gallon; otherwise than in bottles: twenty cents per gallon." This is taken from sect. 2 of the act of June 30, 1864, c. 171. The same schedule contains the foregoing provisions from the act of July 14, 1870, c. 255, as to the duty per gallon on wines imported in bottles, and as to the additional duty of three cents on each bottle, and as to the additional duty of three cents for each bottle on bottles containing wines, brandy, and other spirituous liquors. Schedule B of the same section imposes the following duties: "Glass bottles or jars filled with articles not otherwise provided for: thirty per centum *ad valorem*." "All manufactures of glass . . . not otherwise provided for, and all glass bottles or jars filled with sweetmeats or preserves, not otherwise provided for: forty per centum *ad valorem*." The act of 1861 had imposed a duty of thirty per cent on "glass bottles or jars filled with sweetmeats, preserves, or other articles." The act of 1864 had imposed a duty of forty per cent on "glass bottles or jars filled with sweetmeats or preserves," thus leaving a thirty per cent duty on glass bottles filled with articles other than sweetmeats or preserves. So the act of 1864 had imposed a duty of forty per cent on manufactures of glass, not otherwise provided for. Thus these provisions went into the Revised Statutes.

In the sentence "glass bottles or jars filled with articles not otherwise provided for," there is no comma between "jars" and "filled" and there is no comma between "articles" and "not." Yet the sentence must be read as if there were a comma in each place. The act of 1861 imposed a duty of thirty per cent on glass bottles filled with sweetmeats, preserves, or other articles. This was not a duty on the contained articles and on the bottles also. It was not a duty of thirty per cent

on the contents of every glass bottle. It was a duty merely on the bottles. The articles imported in the bottles were subject to such duty, if any, as was elsewhere imposed on them. The act of 1864 imposed a duty of forty per cent on glass bottles filled with sweetmeats or preserves, thus raising the duty on such bottles by ten per cent, while the duty on glass bottles filled with other articles than sweetmeats or preserves was left to stand at thirty per cent; and in that shape these provisions went into schedule B of sect. 2504 of the Revised Statutes. They are found in a schedule which relates solely to earths, and earthenware and glass. The act of 1864 imposed a duty of forty per cent on all manufactures of glass not otherwise provided for, and that provision, being in force, went into the same schedule B.

The principle of imposing a duty on the sack, box, or covering of any kind in which a dutiable article is imported, separate from and additional to the duty on such article, is applied by sect. 2907 of the Revised Statutes, which declares that the value of the sack, box, or covering of any kind in which imported merchandise is contained, shall be added in determining the dutiable value of such merchandise. This provision is enacted from sect. 9 of the act of July 28, 1866, c. 298. Where the covering is a glass bottle, and the duty on its contents is a specific duty per gallon, and not an *ad valorem* duty, a duty on the bottle, when added, is to be added as a duty of so much per bottle or as an *ad valorem* duty, as the statute may enact. But it is no reason for saying that the bottles are not dutiable in addition to their contents, that a higher rate of duty is imposed on the contained article when imported in bottles than when imported otherwise than in bottles. If a reason is to be sought for, it may well be found in the fact that, while imposing a duty on the bottle, in analogy to the duty on the sack, box, or covering, the statute desires to encourage the bottling here of the article imported in the bottles, by imposing a higher duty on the importation of it in bottles than on the importation of it otherwise than in bottles.

Under this view the statute reads and means that glass bottles which are not otherwise provided for, and are filled with articles, shall pay a duty of thirty per cent. If they were to

be regarded as manufactures of glass, not otherwise provided for, they would pay forty per cent; or if, under schedule B of sect. 2504, they were to be regarded as plain, or mould, or press glass, they would pay thirty-five per cent. But as they are clearly bottles they are to pay only thirty per cent.

By sect. 2 of the act of Feb. 8, 1875, c. 36, it is expressly enacted that no separate or additional duty shall be collected on the bottles in which still wines are imported. The additional duty on bottles in which other articles than still wines are imported is left undisturbed.

It is manifest, we think, in view of the course of legislation by Congress, that an enactment that the duty on ale, porter, and beer in bottles shall be so much per gallon, cannot be regarded as an enactment that there shall be no additional duty on the bottles, when there is another provision of law which imposes an *ad valorem* duty on bottles, not otherwise provided for, filled with articles.

It is contended by the plaintiffs in error that all duty on the bottles is included in the duty of thirty-five cents per gallon on the ale " in bottles." Reliance for this view is had on the decision of Chief Justice Taney in *Karthaus* v. *Frick*, Taney's Dec. 94, in 1840, where it was held that, under a statute imposing a duty on salt of ten cents per fifty-six pounds, an *ad valorem* duty could not in addition be imposed on the sacks in which the salt was imported, as manufactures of hemp. That decision is placed expressly on the ground that there was no instance where a separate duty had been laid on the vessel or receptacle containing an article, when a specific duty was laid upon the article. That case arose under the act of July 14, 1832, c. 227, and stress was laid in the decision on the analogous fact that, while there was in the act a duty on bottles, there was no duty on bottles containing any article, but only a duty on the article in the bottles. This has all now been changed, and there is a duty on coverings, and on bottles containing articles, as well as on the same articles imported in bottles.

*Judgment affirmed.*