## MERRITT, Collector, v. STEPHANI & Another.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

Decided March 19th, 1883.

*Customs Duties.*

Under Schedule B of § 2504 of the Revised Statutes, which imposes a duty of 30 *per cent. ad valorem* on "glass bottles or jars filled with articles not otherwise provided for," such duty is chargeable on bottles filled with natural mineral water, although, by § 2505, mineral water, not artificial, is declared to be exempt from duty.

This was a suit to recover back duties exacted by the plaintiff in error, as collector of the port of New York, on glass bottles imported in June, 1879, from Antwerp. The bottles contained natural mineral water. The collector charged on the bottles a duty of 30 *per cent. ad valorem*, under this provision of Schedule B of section 2504 of the Revised Statutes:

"Glass bottles or jars filled with articles not otherwise provided for : thirty per cent. ad valorem."

The collector charged no duty on the water, as being free under this clause of section 2505 :

"The importation of the following articles shall be exempt from duty : . . . Mineral waters, all, not artificial."

At the trial, it was proved on behalf of the plaintiffs that

mineral waters are and have always been generally imported into this country in glass bottles, although sometimes contained in stone bottles or jugs, but that the glass bottle is the usual form and kind of package for natural mineral waters. The circuit court directed a verdict for the plaintiffs, and after a judgment for them the collector sued out this writ of error.

*Mr. Solicitor-General Phillips* for the collector, cited *Schmidt* v. *Badger*, 107 U. S. 85.

*Mr. Edward Hartley* and *Mr. Walter H. Coleman* for the appellees.—I. If the act of 1861 embraced mineral water bottles, the act of 1864 repealed it as to them by imposing the duty of three cents per bottle in lieu of former duties. *Gossler* v. *Collector*, 3 Cliff. 71; *Washington Mills* v. *Russell*, 1 Holmes, 245; *Gautier* v. *Arthur*, 104 U. S. 345; *Kohlsaat* v. *Murphy*, 96 U. S. 153; *Murdoch* v. *Memphis*, 20 Wall. 590; *United States* v. *Bowen*, 100 U. S. 508. When Congress substitutes the provisions of one tariff act for another, the terms are used in the same sense as in prior acts. *Roosevelt* v. *Maxwell*, 3 Blatchford, 391; *Reiche* v. *Smythe*, 13 Wall. 162. Counsel also cited to other points *Barnard* v. *Morton*, 1 Curt. 404; *Harrington* v. *Trustees of Rochester*, 10 Wend. 547; *In the matter of John Davis*, 3 Benedict, 482; *Brown* v. *County Commissioners*, 21 Penn. 37; *Powers* v. *Barney*, 5 Blatchford, 202; *King* v. *Middlesex*, 2 B. & A. 818; *Hadden* v. *Collector*, 5 Wall. 107; *Sturges* v. *Collector*, 13 Wall. 19.

Mr. JUSTICE BLATCHFORD delivered the opinion of the court.

In the opinion of this court in *Schmidt* v. *Badger*, 107 U. S. 85, the foregoing provision as to a duty on "glass bottles or jars filled with articles not otherwise provided for," was under consideration. It was held that the duty of 30 *per cent. ad valorem* was not a duty on the articles contained in the bottles and on the bottles also, and was not a duty on the contents of the bottles, but was a duty merely on the bottles, leaving the articles imported in the bottles to be subject to such duty, if any, as was elsewhere imposed on them. If the contents were ale or beer, the duty on the ale or beer was thirty-

five cents per gallon, and the duty on the bottles was 30 *per cent. ad valorem.* If the contents were natural mineral water, or mineral water not artificial, the water was free, and the duty on the bottles was 30 *per cent. ad valorem.* The duty on the bottle was independent of the duty on its contents, and was chargeable even though the contents were free. The statute does not contain any provision that the bottle shall be free when its contents are free, while it does contain a distinct provision that there shall be a duty of 30 *per cent. ad valorem* on bottles, nor otherwise provided for, filled with articles. The mineral water, not artificial, is free. By Schedule M of section 2504, artificial mineral water is made dutiable thus:

"For each bottle or jug containing not more than one quart: three cents, and, in addition thereto, 25 *per cent. ad valorem;* containing more than one quart: three cents for each additional quart, or fractional part thereof, and, in addition thereto, 25 *per cent. ad valorem.*"

Thus, as to artificial mineral water, the water and the bottles containing it are both charged with duty, while as to natural mineral water, it is free, and the bottles containing it are dutiable.

By section 13 of the act of June 30th, 1864, 13 Stat. 214, the provision as to a duty " on mineral or medicinal waters, or waters from springs impregnated with minerals," was as follows:

"For each bottle or jug containing not more than one quart, three cents, and, in addition thereto, 25 *per cent. ad valorem;* containing more than one quart, three cents for each additional quart, or fractional part thereof, and, in addition thereto, 25 *per cent. ad valorem.*"

By section 5 of the act of June 6th, 1872, 17 Stat. 236, mineral waters, not artificial, were made free on and after August 1st, 1872. The act of 1872 (§ 46) repealed all prior inconsistent provisions. From this it is argued that after the act of 1864 was passed, prior provisions, which might have embraced mineral water bottles, were annulled, and that, as the act of 1872

repealed the provisions of the act of 1864 as to such bottles, and made mineral waters, not artificial, free, there was no law in force imposing a duty on the bottles containing such free waters. The answer to this view is, that the duty imposed by the act of 1864 was a duty on the article composed of bottle and water, the specific duty and the *ad valorem* duty being each of them a duty on the bottle and the water considered as one article. When the water was made free, the whole provision as to a duty on the aggregated bottle and water disappeared, leaving existing applicable general provisions to apply to the bottle.

The provisions so existing after the act of 1872 took effect were those found in the acts of 1861 and 1864, and transferred into Schedule B of section 2504 of the Revised Statutes, and applied in this case. They were in force as express enactments when the importation in this case was made. *Schmidt* v. *Badger, ubi supra.*

*The judgment of the circuit court is reversed, and the case is remanded to that court, with directions to grant a new trial.*