MARX & RAWOLLE et al. v. UNITED STATES (No. 791).[1]

IRON DRUMS CONTAINING GLYCERIN.

These articles clearly fall within the letter of paragraph 151, tariff act of 1909. They are "cylindrical or tubular tanks or vessels," they are made and presently used for "holding gas, liquids, or other material," and they are "full" when imported. After they have been emptied of their contents, some are used again in the transportation of crude or refined glycerin and some are sold in competition with similar articles in the domestic market. They are dutiable under paragraph 151.—United States v. Marx (1 Ct. Cust. Appls., 152; T. D. 31210).

United States Court of Customs Appeals, March 20, 1912.

APPEAL from Board of United States General Appraisers, Abstract 26958 (T. D. 31971).

[Affirmed.]

B. A. Levett for appellants.

*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case consists of certain cylindrical riveted iron drums, which are the usual and only containers

---

[1] Reported in T. D. 32359 (22 Treas. Dec., 517).

for the importation of crude glycerin, and which came into this country filled with that material. They are articles of substantial construction and have a value of about $5 each. They serve no purpose in connection with the imported glycerin, except for transportation and storage only. After they are emptied of their contents they are sometimes sold by the importers to other persons; or are filled with refined glycerin for transportation; or are sent abroad as empties to be again filled with crude glycerin for importation into this country.

The glycerin contained in the drums was assessed as such by the collector, at the appropriate specific rate of duty, concerning which there is no question. The drums were separately assessed at 30 per cent ad valorem under the provision for "cylindrical or tubular tanks or vessels, for holding gas, liquids, or other material, whether full or empty," prescribed by paragraph 151 of the tariff act of 1909.

The importers protested against the assessment of the drums, claiming them to be free of duty as the usual containers of merchandise subject to a specific duty. This protest was heard upon evidence by the board, and was overruled. The appellants now pray for a reversal of that decision.

As appears from the foregoing statement the articles involved in this case are of the same character as those passed upon by this court in the case of United States *v.* Marx (1 Ct. Cust. Appls., 152; T. D. 31210). That fact is stated by the board in its decision, and appears likewise in a stipulation of the parties; it is furthermore agreed that the record in that case shall be considered as part of the record in this. The appellants in the former case appear as appellants herein, now joined, however, with other parties who are interested in the same issue. It is not claimed by appellants that they have introduced at this hearing any new or different line of evidence touching the question thus again presented; but appellants simply wish to submit the same issue again to this court for review, urging its great importance and their own confidence in the correctness of their position.

It is conceded that for a period of 30 years next prior to the tariff act of 1909 such containers as those at bar were admitted into this country free of duty when filled with imported merchandise bearing a specific duty; and that the contested assessment must rest entirely upon the new provisions contained in paragraph 151 of the act of 1909.

That paragraph provides for a classification which is concededly an addition to prior enactments, and which is as follows:

151. * * * Cylindrical or tubular tanks or vessels, for holding gas, liquids, or other material, whether full or empty, thirty per centum ad valorem * * *.

The only issue in the case is whether or not the articles in question are contained within the classification thus newly established by the foregoing paragraph.

In the former case the board sustained the claim of the importers, holding upon the new enactment that "Congress merely intended to reach gas tanks, reservoirs, holders, and tubes, so-called, which were not only used in the bona fide transportation of their contents, but were designed for use in holding gas or liquids and were subsequently used to regulate and control the use of their contents, a holder as distinguished from a container, an article intended for something more than the mere transportation of merchandise," and not "articles used only as containers and solely so used for the transportation of merchandise."

This court, upon appeal of the Government in that case, held against the importers, and sustained the assessment.

It is clear that the articles at bar fall within the letter of paragraph 151, above quoted. They are "cylindrical or tubular tanks or vessels," they are made and presently used "for holding gas, liquids, or other material," and they are "full" when imported. The appellants themselves, in their brief, concede that the articles fall within the literal meaning of the cited provision.

Nevertheless, appellants urge that—

The intention of the lawmaker is the law.

That the provision in question is obscure and ambiguous and does not clearly denote what was the intention of the lawmakers.

That the provision does not relate to usual containers, whose sole purpose is the bona fide transportation of goods, but relates only to containers or holders which are used for other purposes than the transportation of their contents.

That the intention to tax an article which has always been free of duty should be clearly expressed.

That the Government's construction is inequitable and leads to hardships;

And—

That the distinguishing characteristic of the gas tanks in the mind of Congress was their use as part and parcel of their contents, and that while, as the court states, it may have been the intention of Congress to provide for "all vessels of similar character" to those which had been the subject of litigation, the vessels in controversy should not be considered as similar.

In answer to these contentions, however, the court finds that the applicable terms of paragraph 151 are not obscure and ambiguous, but taken alone are plain and unmistakable; and that they apply to the articles at bar with literal exactness. The provisions in question can not be limited by construction to such gas tanks only as serve for equipment in connection with the use of their contents, for such a construction would inject into the classification a proviso not placed there by Congress, which proviso would ignore the expressed provision for tanks or vessels holding "other material," in addition to gas or liquids, whether they are "full or empty."

The presence of these terms in the paragraph as enacted, clearly evidences an intention upon the part of Congress to go beyond the suggestions submitted in Notes on Tariff Revision, which are referred

to in the briefs and in the former decision, and to enlarge upon the provisions of the paragraph as it first appeared in the House. And when the court comes to apply or construe the added terms there is little to proceed upon except the language of the enactment itself, and that language, indeed, is sufficiently plain to need no extraneous aid.

Nor do the provisions in question, as applied by such a decision, seem to be inequitable or absurd. The tanks in question are conceded to be the usual containers of their imported contents, and they serve no unusual purpose in connection therewith. Nevertheless, they survive that use, and become or rather remain useful and valuable articles of commerce. After they are emptied of their contents as imported, some are used again in the transportation of crude or refined glycerin; some are sold in competition with similar articles in the domestic market. United States *v.* Garramone (2 Ct. Cust. Appls., 30; **T. D. 31577**); United States *v.* Braun Chemical Co. (2 Ct. Cust. Appls., 57; **T. D. 31596**).

Inasmuch as the court is led by its present consideration of the question to approve and follow its former decision, it is unnecessary here to do more than refer to that decision for a complete statement of the court's views upon the subject. United States *v.* Marx (1 Ct. Cust. Appls., 152; **T. D. 31210**), approved and followed.

The decision of the board is therefore *affirmed.*