## COLBY & CO. *v.* UNITED STATES (No. 877).[1]

CYLINDRICAL OR TUBULAR TANKS OR VESSELS.

> Paragraph 151, tariff act of 1909, imposes a duty upon cylindrical or tubular tanks or vessels for holding gas, liquids, or other material whether full or empty. This duty is laid upon containers and not upon the things contained, and this regardless of whether the contents bear specific duties or are free of duty.—*Merritt v. Stephani* (108 U. S., 106); *United States v. Braun* (2 Ct. Cust. Appls., 57; T. D. 31596) distinguished.

### United States Court of Customs Appeals, May 8, 1912.

APPEAL from Board of United States General Appraisers, Abstract 28074 (T. D. 32396).

[Affirmed.]

*Walter Evans Hampton* for appellants.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Martin T. Baldwin,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The articles involved in this case are certain large cylindrical iron drums, to the number of about 300, which were imported into this country filled with nut oil and cottonseed oil, of which they are the usual containers.

The collector classified the drums under the provisions of paragraph 151, act of 1909, for "cylindrical or tubular tanks or vessels for holding gas, liquids, or other material, whether full or empty," and accordingly assessed the same for duty at the rate of 30 per cent ad valorem.

The importers duly filed their protest against this assessment, claiming, among other things, that the articles in question were free of duty as the usual containers of cottonseed oil, which itself is free of duty under paragraph 639 of the same act.

This protest was overruled by the board, and the importers now appeal to this court for a reversal of that decision.

In the presentation of the case to this court the additional claim is made by the importers that the containers in question are worn out and commercially worthless, and for that reason also should not be held for duty under paragraph 151 of the act.

The conceded description of the articles in question makes it plain that they are "cylindrical or tubular tanks or vessels for holding * * * liquids, or other material," and as such they would be duti-

---

[1] Reported in T. D. 32542 (22 Treas. Dec., 872).

able under paragraph 151, unless exempt from duty either because their contents are free or because they themselves have no value.

The answer to the first contention is found in the provision of paragraph 151, that the tanks or vessels therein classified shall be dutiable as therein provided, "whether full or empty."

It can not be denied that as a rule the usual coverings or containers of free goods are themselves also free. The same rule applies to the usual containers of goods subject to a specific duty.

On the other hand, it is equally certain that such usual containers of free or specific goods may themselves be subjected to duty by special provisions, notwithstanding the validity of the general rule first stated.

The paragraph under review specifically provides ·that the containers coming within its terms shall be dutiable at the prescribed rate "whether full or empty." This provision plainly takes the case out of the general rule relied upon by appellant and makes the articles dutiable if filled with either free or specific goods. The provision to this effect is comprehensive in its terms and makes no distinction between free and specific goods. No mention at· all is made therein of the dutiable character of the contents of the containers. It is simply provided that the vessels shall be dutiable if empty and also dutiable if filled. In either case the duty is upon the containers and not upon the contents, and this regardless of whether the contents bear specific duties or are free.

This conclusion is consistent with the decision of this court in the case of United States *v.* Marx (1 Ct. Cust. Appls., 152; T. D. 31210), although it is not overlooked that the contents of the containers involved in that case were dutiable at specific rates and were not free.

The following is from the opinion of the Supreme Court, delivered by Mr. Justice Blatchford in the case of Merritt *v.* Stephani (108 U. S., 106), and is directly in point:

In the opinion of this court in Schmidt *v.* Badger (107 U. S., 85) the foregoing provision as to a duty on "glass bottles or jars filled with articles not otherwise provided for" was under consideration. It was held that the duty of 30 *per cent ad valorem* was not a duty on the articles contained in the bottles and on the bottles also, and was not a duty on the contents of the bottles, but was a duty merely on the bottles, leaving the articles imported in the bottles to be subject to such duty, if any, as was elsewhere imposed on them. If the contents were ale or beer, the duty on the ale or beer was thirty-five cents per gallon, and the duty on the bottles was 30 *per cent ad valorem*. If the contents were natural mineral water, or mineral water not artificial, the water was free, and the duty on the bottles was 30 *per cent ad valorem*. The duty on the bottle was independent of the duty on its contents, and was chargeable even though the contents were free. The statute does not contain any provision that the bottle shall be free when its contents are free, while it does contain a distinct provision that there shall be a duty of 30 *per cent ad valorem* on bottles not otherwise provided for filled with articles. The mineral water, not artificial, is free.

The second contention of the appellants is that the containers in question should ·be exempt from duty because they are worn out and worthless. This claim was not made in the protest.

It seems that the drums were invoiced and entered by the importers at a valuation of 15 shillings, or about $3.65 apiece. In two of the importations this value was advanced by the appraiser, but in such cases the importers appealed to a general appraiser and the entered value was sustained, the prices therefore all remaining at $3.65 apiece.

It appears that the drums are secondhand and much worn and that the importers first offered them for sale at $4.50 apiece, but finally reduced the price to $1.50 apiece, and were unable to sell them even at that price.

The record, however, does not show a total lack of value or usefulness of the articles as containers, or that they have been reduced in condition to mere scrap or junk.

The question of value, thus presented by appellants, is essentially different from that considered by this court in the case of United States v. Braun (2 Ct. Cust. Appls., 57; T. D. 31596). In that case it appeared that the containers involved were necessarily destroyed as containers in the process of removing their contents. In the present case the containers are capable of continued use, but are old and dented, and are therefore not readily salable. But the record does not justify a holding that they no longer have any value at all as containers, especially in view of the finding of the appraiser.

Upon this view of the several questions presented by the appellants, the court finds no error in the decision of the board, and the same is therefore *affirmed*.