### COCHRAN CO. ET AL. *v.* UNITED STATES (No. 1943).[1]

PLEADING—MISJOINDER.

Ordinarily different parties are not permitted to litigate their diverse claims against a common defendant in a single proceeding, because such procedure would tend to make complications and cause such confusion and delay as would hamper the administration of justice and make impossible the speedy settlement of legal controversies. In customs cases, however, while different importers importing the same kind of merchandise may not have a common interest in the merchandise imported, they frequently do have a common interest in the rulings of the collector affecting the customs status of merchandise of the same kind imported by them. As such rulings are generally the same, the protests against them usually

raise the same issue, and that issue may be tried out and finally disposed of in one proceeding with less embarrassment to judicial tribunals and less expense, annoyance, and delay to litigants than if determined in separate proceedings initiated by each importer. Thus the permitting of misjoinder in customs proceedings is designed to achieve the very result aimed at by its prohibition in other proceedings. Such has been the continuous and unquestioned practice before the Board of United States General Appraisers and the United States Court of Customs Appeals practically since their respective organizations. The Government's motion to dismiss for misjoinder the petition by two importers for review of decisions by three different boards on five diverse dates overruling 11 different protests involving the same kind of merchandise is denied.

## United States Court of Customs Appeals, April 18, 1919.

APPEAL from Board of United States General Appraisers, Abstracts 42542, 42543, 42602, 42626, and 42647.

[Motion to dismiss denied.]

*Brooks & Brooks* for appellants.
*Bert Hanson*, Assistant Attorney General, for the United States.

[Oral argument Jan. 8, 1919, by Mr. Hanson and Mr. Frederick W. Brooks, jr.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

The R. L. Cochran Co. and A. & H. Veith, separate concerns, imported at the port of New York certain galloons, trimmings, bands, braids, motifs, and ornaments, composed of straw, cotton threads, beads, raffia, gelatin, and other materials.

The collector classified some of the goods as artificial flowers and leaves designed to be used as millinery ornaments and the others as millinery ornaments and trimmings composed in chief value of yarns, threads, and filaments. On that finding the goods were assessed for duty at 60 per cent ad valorem under paragraphs 347 and 358 of the tariff act of 1913.

The importers separately protested that the goods were not correctly classified and claimed that they were dutiable under various other paragraphs of the tariff act, which were specifically named in the protests.

On the hearing before the board the importers limited their claim to such goods as were assessed for duty under paragraph 347, that is to say, to the goods classified or parts thereof.

Protest 837745, filed by the R. L. Cochran Co., was submitted to Board 1 December 4, 1917, and was overruled by that board on September 23, 1918. Protest 849479, filed by the same company, was submitted to Board 1 on February 5, 1918, and was overruled by that board on October 28, 1918.

Protests 810373, 810375, 810376, 811692, and 815438, filed by A. & H. Veith, were submitted to Board 1 on February 5, 1918, and were overruled by that board on September 23, 1918.

Protests 810377, 816394, and 837727, filed by A. & H. Veith, were submitted to Board 2 on February 13, 1918, and were overruled by that board on the 16th day of October, 1918. Protest 810372, filed by A. & H. Veith, was submitted to Board 3 on February 19, 1918, and was overruled by that board October 4, 1918.

Brooks & Brooks, attorneys for both of the importing firms, within the time prescribed by law presented to this court a single petition praying that a review be had of said decisions of the several boards and asking that such relief might be granted as to the court seemed just.

To the petition is annexed a schedule which gives the name of the vessel upon which the goods covered by the several protests arrived, specifies the date of entry of such goods, identifies by number the protests and entries involved, and designates the date of decision of each protest.

To the petition is attached the assignment of errors upon which the importers rely for a review and a reversal or modification of the several decisions.

After the filing of the petition for review in this court and before the expiration of the time for taking an appeal, the Assistant Attorney General suggested to the appellants that they withdraw said petition and file separate petitions which would not be subject to attack because of the misjoinder of parties and of causes of action. No action having been taken along the lines suggested by the Assistant Attorney General, he now moves the court to dismiss the importers' appeal on the ground of misjoinder.

We think that the joint petition for review was obviously intended as an appeal by each of the importing firms from decisions overruling protests submitted by it to the collector and that a hearing of such appeal may be had without violating in principle any settled law or rule of procedure attaching to customs litigation.

Apparently for the purpose of speedily settling and disposing of controversies arising between the importers and the Government and of avoiding the needless expense of trying over and over again the very same issue, it has been the practice of the Board of General Appraisers almost from the time of its organization to permit the trying out in a single proceeding of identical issues of fact and law raised by the protests of different importers as to the same class and kind of merchandise. Protests of Rosenstein Bros. and J. A. Jansen (T. D. 10401), November 7, 1890; protests of Clementine R. Yates (T. D. 10395), November 3, 1890; protests of Gane Bros., Barrett Bros., and L. Dejonge & Co. (T. D. 10643), January 9, 1891; protests of Gane Bros., Barrett Bros., and L. Dejonge & Co. (T. D. 10648), January 12, 1891; protests of James P. Smith & Co. and Reiss & Brady (T. D. 10656), January 13, 1891; protests of Levi

Bros. and George Borgfeldt & Co. (T. D. 10658), January 14, 1891; protests of J. Pullman & Co. and P. Wiederer & Bros. (T. D. 13079), July 9, 1892; protests of D. B. Gautier & Co. and Dana & Co. (T. D. 16294), June 17, 1895; protests of the Standard Tool Co. and the W. Bingham Co. (T. D. 22468), September 4, 1900; protests of S. Koshland & Co. et al. (T. D. 26572), July 7, 1905; protests of R. L. Cochran & Co. and Rosenblum & Sentner (T. D. 27743 and T. D. 30839), December 7, 1906; protests of R. U. Delapenha & Co. et al. (T. D. 30600), May 9, 1910, etc.

As a natural outcome of that practice single appeals were permitted, taken, and decided, and such appeals were permitted, taken, and decided whether the boards rendered one decision covering all the protests or a decision on each protest. Protests of Y. Takakuwa et al. and Ozaki, one decision (T. D. 25259), April 30, 1904, appealed from and decided United States *v.* Takakuwa et al. and United States *v.* Ozaki (T. D. 26736); protests of Henry Herrmann, Leon Rheims, and Sullivan, Drew & Co., one decision (T. D. 25153), March 28, 1904; appealed from and decided Herrmann *v.* United States, Rheims *v.* United States, Sullivan *v.* United States (T. D. 26598), June 1, 1905.

This court soon after its organization recognized a practice which had then gone unquestioned for 20 years and repeatedly entertained single appeals from one or more decisions of the board on protests of different importers as to the same class of merchandise.

In Abstracts 22091 and 22116 (T. D. 30099) the Board of General Appraisers passed on the protests of 16 different importers and rendered theron two different decisions, one dated October 29, 1909, and the other dated November 1, 1909. A review of both of these decisions was had by this court on the petition of five of the importers and the decision of the board was affirmed on the merits in Shaw *v.* United States (1 Ct. Cust., Appls., 426; T. D. 31500).

In Abstract 26776 (T. D. 31912), Abstract 26954 (T. D. 31971), Abstract 27124 (T. D. 32020), Abstract 27193 (T. D. 32031), Abstract 27214 (T. D. 32046), the board rendered five separate decisions on the classification of nine different collectors of customs and overruled 79 protests of 11 different importers as to the same kind and class of merchandise.

The 11 importers joined in a single petition to this court for a review of the several decisions made by the board, and their appeal was entertained and decided on the merits in the case of Marx & Rawolle et al. *v.* United States (3 Ct. Cust. Appls., 94; T. D. 32359).

In Abstract 38550 (T. D. 35799) and Abstracts 38760 and 38765 (T. D. 35881) the board made three separate decisions which overruled the protests of four different importers presented to three different collectors. From those decisions one appeal was taken by

all four importers to this court and that appeal was decided on the merits by this court on June 6, 1916, in the case of Rumpp & Sons et al. v. United States (7 Ct. Cust. Appls., 203; T. D. 36507).

After a careful examination of the Treasury decisions and our own records we think we can say with assurance that the practice of trying out in a single proceeding the protests of different importers as to the same kind of merchandise and the taking of one appeal from one or many decisions of such protests by the board has been continuous and has been unquestioned and unopposed by the Government or the importers from the year 1891, until the question was raised by the motion to dismiss which we have under consideration. In our opinion we would not be justified at this late day in disapproving of a practice so long established as that, and certainly we would not be warranted in doing so if the joinder of different parties having no common financial or property interest is designed in customs proceedings to achieve the very result which is sought to be obtained by the prohibition of such a joinder in other proceedings.

Different parties are not ordinarily permitted to litigate their diverse claims against a common defendant in a single proceeding, not because it is impossible to segregate and determine the various interests involved, but because that procedure would tend to make such complications and cause such confusion and delays as would hamper the administration of justice and make impossible the speedy settlement of legal controversies.

In customs cases, however, while different importers importing the same kind of merchandise may not have a common interest in the merchandise imported, they frequently do have a common interest in the rulings of the collector affecting the customs status of merchandise of the same kind imported by them. As such rulings are generally the same the protests against them generally raise the same issue, and surely that issue may be tried out and finally disposed of with less embarrassment to judicial tribunals and less expense, annoyance, and delay to litigants than if determined on separate proceedings initiated by each importer.

Indeed, as the board has for more than a quarter of a century followed the practice of hearing and determining the protests of different importers as to the same kind of merchandise and as the appellate tribunals during the same period have entertained and decided appeals not only from desisions made by the board after a particular hearing but from like decisions made thereafter on similar protests, it must be assumed that that course of procedure facilitates the disposition of customs cases without needless expense, confusion, or embarrassment to courts or litigants.

It is argued, however, that the long-continued practice of permitting importers to join in a single appeal from one or many decisions

of the same board can hardly be invoked to support a single appeal taken by different importers from the adverse decision of three boards on protests raising substantially the same issue. Unfortunately for that contention, however, the boards are so related and their clerical force so organized that single appeals from the decisions of three boards on protests raising the same issue have exactly the same effect and can be dealt with in exactly the same way as appeals from two or more decisions of such protests by one board.

The rules of the general board provide for a chief clerk, who is charged with the custody of the papers and records of all the boards, and with him are filed the protests assigned to the several boards, the decisions thereon, and other papers relating thereto. He is the clerk of each of the classification boards and is required by himself or his representative to attend the sittings of each of the boards and to record in a book kept for that purpose all orders, judgments, or decrees made or directed by them or any member thereof, and by him is issued, under the seal of the general board, all processes ordered by any board or by any member thereof. (Rules XVI and XVIII, vol. 35, Treasury Decisions, pages 112 and 113.)

It is true that each board is independent of the others in the exercise of a jurisdiction which it first acquires, but it is not independent in the sense that it has a separate, distinct, independent clerical organization to care for its records and papers and to perform the clerical work which the efficient exercise of its jurisdiction demands. From that it follows that a single appeal from the decisions of three boards as to the same kind of merchandise carries to each board just as much notice of such appeal as is carried to one board by a single appeal from two or more of its decisions as to such merchandise. There is consequently no more reason for dismissing the present appeal on the ground of misjoinder than there would be for dismissing it had it been taken from decisions made by the same board.

The motion to dismiss the appeal taken by the importers from decisions of protests presented by them to the collector is *denied*.