BALFOUR, GUTHRIE & CO., LTD. *v.* UNITED STATES [1]

United States Customs Court, Third Division

(Decided November 17, 1938)

*John F. Kavanagh* for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Joseph F. Donohue*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

KEEFE, Judge: This case involves the collector's assessment upon iron drums imported as containers of palm oil. Duty was levied thereon at 25 per centum ad valorem under paragraph 328, Tariff Act of 1930. The plaintiff claims that the drums are the usual containers of a duty-free merchandise and that they constitute an entirety with their contents and therefore are free of duty.

[1] O. D. 58.

At the trial it was agreed between counsel that, at the time of importation, the merchandise consisted of iron drums containing palm oil, classified free of duty under paragraph 1732, and that the drums were the usual, ordinary, and necessary containers of such oil. Upon this stipulation the case was submitted by both sides without the introduction of any evidence.

Counsel for the plaintiff contends that, inasmuch as the cost of the metal containers was included in the *per se* price of the oil, therefore the merchandise imported consisted of palm oil and not palm oil and containers; that, as the drums are the usual containers of liquids and enter the commerce of this country as containers of a duty-free merchandise, they are not "articles" of commerce as referred to in title I, section 1, of the Tariff Act of 1930, and therefore are taken out of the provisions of paragraph 328 by virtue of section 402 (d), which provides that the "value" shall include the cost of all containers; that, where drums are the usual containers of palm oil the drums are neither "merchandise" nor "articles" of commerce, but rather form an inseparable part of an entirety, and in view of section 504, it is only unusual containers that are dutiable under paragraph 328.

Counsel for the Government contends that the drums are dutiable under the *eo nomine* provision therefor; that they are not entireties, and that the provisions of section 402 (d) do not presume that the container is a part of the article contained therein and therefore would not be subject to duty at the rate prescribed for the article.

Counsel for the plaintiff in a further effort to sustain his position argues as follows: First, that the purpose of all statutory construction is to ascertain the intent of the lawmakers; Second, that the legislative history involving duty on metal containers favors the importer's contention, citing *United States* v. *Marx*, 1 Ct. Cust. Appls. 152, T. D. 31210; Third, that where there is a doubt in the interpretation of a statute involving the imposition of taxes the doubt is always resolved in favor of the importer; and Fourth, that, as between two provisions in a tariff act which are repugnant, the last one must prevail as speaking the final and latest intent of the lawmakers.

In order to afford a clearer view we set forth the paragraphs and sections of the law as follows:

### Title I—Dutiable list

Section 1. That on and after the day following the passage of this Act, *except as otherwise specially provided for in this Act, there shall be levied, collected, and paid upon all articles when imported from any foreign country* into the United States or into any of its possessions (except the Philippine Islands, the Virgin Islands, American Samoa, and the Island of Guam) the rates of duty which are prescribed by the schedules and paragraphs of the dutiable list of this title, namely: [Italics not quoted.]

PAR. 328. * * * cylindrical and tubular tanks or vessels, for holding gas, liquids, or other materials, *whether full* or empty; * * * and all other finished or unfinished iron or steel tubes not specially provided for, 25 per centum ad valorem; * * * [Italics not quoted.]

\*       \*        \*        \*        \*        \*        \*

PAR. 1732. Oils, expressed or extracted: Croton, palm, perilla, and sweet almond; * * *

SEC. 402. *Value* (a) Basis.—For the purposes of this Act the value of imported merchandise shall be—

(1) The foreign value or the export value, whichever is higher;

\*       \*        \*        \*        \*        \*        \*

(d) *Export value.—The export value of imported merchandise shall be the market value or the price, at the* time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, *plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.* [Italics not quoted.]

SEC. 504. *Coverings and containers.*—If there shall be used for covering or holding imported merchandise, *whether dutiable or free of duty, any unusual material, article, or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duties shall be levied upon such material, article, or form* at the rate or rates to which the same would be subjected if separately imported. [Italics not quoted.]

Since the act of 1909, where cylindrical iron or steel vessels "whether full or empty" were for the first time specifically provided for as dutiable articles, the classification thereof, when used as containers, has been the subject of litigation in this and the appellate courts. Counsel for the plaintiff has here presented an exhaustive brief reviewing the entire subject in an attempt to prove that former decisions have been based upon wrong principles of law. In view of the voluminous briefs we will briefly review the law as announced by the courts.

Prior to the Tariff Act of 1909 cylindrical iron or steel vessels "whether full or empty" were not *eo nomine* provided for. Under such prior statutes the question of coverings being classified as entireties with their contents arose in Pollmann's case, G. A. 4649, T. D. 21961. There it was held that the usual and ordinary coverings of their contents were not entireties with their contents for the purpose of affecting the classification of the articles they contain, and, even though of greater value than the contents, they were subject to the same rate of duty.

The duty applicable to drums provided for *eo nomine* in the act of 1909, when imported filled with merchandise, was first construed by the appellate court in the case of *United States* v. *Marx*, 1 Ct. Cust. Appls. 152, T. D. 31210. There the legislative history was thoroughly discussed. The court found that the language of the provision

as it passed the Senate and finally became law was not vague, dubious, uncertain, indefinite, or ambiguous, and there was nothing in it which lead necessarily to injustice or oppression and nothing that conduces to an absurd result. Therefore the court found no room for construction and no valid, sound, or lawful reason for determining the true meaning of the statute by any other method than that of the language in which the law was expressed. The merchandise contained in the drums there in question was glycerine, subject to a specific rate of duty. The court stated that "it may be fairly assumed that Congress could not have forgotten the practice of admitting glycerine drums free of duty and that their removal from the category of duty-free containers under the literal terms of the statute was not the result of a legislative lapse." Also, in the case of Marx & Rawolle v. United States, 3 Ct. Cust. Appls. 94, T. D. 32359, the legislative history of the drum provision was thoroughly discussed. In the case of Colby & Co. v. United States, 3 Ct. Cust. Appls. 234, T. D. 32542, the question involved was on all fours with the matter now before us. The court held that the provision in the drum paragraph for duty upon vessels "whether full or empty" plainly takes such drums out of the general rule and makes the articles dutiable if filled with either free or specific duty goods, and it was specifically noted that no mention at all was made in the drum paragraph of the dutiable character of the contents of the containers. In the case of Merritt v. Stephani, 108 U. S. 106, involving a question whether glass bottles were dutiable as "glass bottles  *  *  *  filled with articles" when holding free or specific duty merchandise, the Supreme Court stated that the duty on the bottle was independent of the duty on the contents, and was chargeable even though the contents were free, as the statute contained a distinct provision that there shall be a duty of 30 per centum ad valorem on bottles not otherwise provided for filled with articles.

With regard to the claim that the provisions of section 402 (d) includes the cost of all containers in the value of the contents and such containers become an inseparable part of an entirety, it was held in United States v. Peabody, 3 Ct. Cust. Appls. 130, T. D. 32383, that, because of the inclusion in the administrative provisions of coverings in the dutiable value of the merchandise, the value of the containers provided for eo nomine in said section should be added to the value of the contents in determining the dutiable value. See also Ascher Co. v. United States, 3 Ct. Cust. Appls. 327, T. D. 32622. However, in the case of Beer v. United States, G. A. 7029, T. D. 30663, it was also held that the Customs Administrative Act is not a law creating duty upon merchandise, but is a law administrative in its nature. Its provisions are general in their application, and apply to all merchandise of whatever character coming within the scope of its provisions. To sustain a protest that paper boxes, eo

*nomine* provided for in the tariff law, were therefore not a part of the value of their contents would be equivalent to holding that a provision of the customs administrative law had been repealed by a paragraph of the tariff law, which in no way referred to it.

Upon the authority of the cases hereinbefore cited, we find that drums are not entireties with their contents; that when specific provision is made for a duty to be placed upon containers such containers may not be said to be excluded from the terms of title I, section 1, of the Tariff Act of 1930, even though such containers are not contemplated by the importers to be the article imported; that the legislative history of the provision may not be resorted to where there is a clear intention of Congress to go beyond the suggestions submitted in Notes on Tariff Revision and when the language of the act is sufficiently plain; that the language of the act is clear and unambiguous and leaves no room for doubt as to its express provisions and such provision places a duty upon drums used as containers, whether they are usual or unusual coverings for the contents thereof and whether or not the contents are dutiable at ad valorem or specific rates or are on the free list; and finally that the rule of statutory construction requiring the latest intent of the lawmakers to take precedence in case of repugnant provisions has no application to a provision appearing in the administrative portion of the act.

For the reasons stated the protest is overruled and judgment will be entered in favor of the defendant.