BALFOUR, GUTHRIE & CO., LTD. *v.* UNITED STATES (NO. 4221)[1]

United States Court of Customs and Patent Appeals, May 1, 1939

*John F. Kavanagh* for appellant.

*Webster J. Oliver*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, *John F. Donohue*, special attorney, and *Frank X. O'Donnell, Jr.*, junior attorney, of counsel), for the United States.

[Oral argument April 11, 1939, by Mr. Kavanagh and Mr. Lawrence]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division.

Merchandise, consisting of iron drums used as containers of imported palm oil, was assessed for duty by the collector at the port of New York at 25 per centum ad valorem under paragraph 328 of the Tariff Act of 1930, the pertinent part of which reads:

PAR. 328. * * * cylindrical and tubular tanks or vessels, for holding gas, liquids, or other material, whether full or empty; * * * and all other finished or unfinished iron or steel tubes not specially provided for, 25 per centum ad valorem * * *.

It is claimed by counsel for appellant that as palm oil is free of duty under the provisions of paragraph 1732 of the Tariff Act of 1930

[1] C. A. D. 55.

and as the drums in question are the "usual, ordinary, and necessary containers of palm oil," the oil and the drums are free of duty as entireties under the provisions of that paragraph, the pertinent part of which reads:

[Title II—Free list]

PAR. 1732. Oils, expressed or extracted: Croton, palm, perilla, and sweet almond * * *.

It is the view of counsel for appellant that the usual and ordinary containers of duty-free merchandise are free of duty, and in support of that view it is argued that as the Congress provided in section 402 (d) of the Tariff Act of 1930 that the cost of all containers of imported merchandise shall be included in the export value of such merchandise, the only containers of duty-free merchandise intended by the Congress to be dutiable under paragraph 328, *supra*, are those covered by section 504 of that act; that is, *unusual containers* designed for use otherwise than in the bona fide transportation of imported merchandise to the United States.

The pertinent part of section 402 (d) and section 504 read as follows:

SEC. 402.   VALUE.

&ast;          &ast;          &ast;          &ast;          &ast;          &ast;          &ast;

(d) EXPORT VALUE.—The export value of imported merchandise shall be the market value or the price, * * * plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

SEC. 504. COVERINGS AND CONTAINERS.

If there shall be used for covering or holding imported merchandise, whether dutiable or free of duty, any unusual material, article, or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duties shall be levied upon such material, article, or form at the rate or rates to which the same would be subjected if separately imported.

Our attention is called to several decisions by the United States Customs Court (Abstracts 18866, 19051, 19843, 19888, 19916, 20418, and 20419, dated, respectively, January 6, January 25, March 29, March 31, April 1, May 12, and May 12, 1932) wherein it was held that metal drums, used as ordinary containers of cod-liver oil (a duty-free commodity under paragraph 1730 of the Tariff Act of 1930), were free of duty as the usual containers of duty-free merchandise; to T. D. 45588, which is a communication addressed to "Collectors of Customs and Others Concerned," dated April 9, 1932, in which appears the following:

*Drums.*—Imported as containers of cod-liver oil, held entitled to free entry as usual containers of free merchandise in view of recent court decisions and pending the outcome of further litigation, notwithstanding they may occasionally be cleaned and used as containers.

and to the decision in the case of *Wm. A. Foster & Co.* v. *United States*, T. D. 47922, 68 Treas. Dec. 384, decided October 10, 1935, wherein, as stated in the headnote, it was held that—

Metal drums, imported as the ordinary and usual containers of magnesite, having a small cover in the top so constructed that it could be removed and replaced without injury to the drum, are not subject to the duty provisions of paragraph 328, Tariff Act of 1930, for cylindrical iron or steel vessels, *when it is shown that in the ordinary course of business it is the practice to facilitate the removal of the contents to chop off the heads and discard the drums.* Consequently it is held that they are entitled to free entry as one-time shippers or containers of merchandise subject to a specific rate of duty. [Italics supplied.]

The "Abstract" decisions hereinbefore referred to were apparently based upon the decision of the United States Customs Court in the case of *C. L. Huisking & Co.* v. *United States*, T. D. 45017, 60 Treas. Dec. 74, decided January 26, 1931, wherein, as stated in the headnote it was held that—

Drums known as one-time shippers, the ordinary containers of cod-liver oil, *which by reason of the nature of their contents can not be used again, and which are in fact sent to the scrap pile,* are entitled to free entry as the ordinary containers of duty-free merchandise under section 503, Tariff Act of 1922, rather than dutiable at the rate of 25 per centum ad valorem under paragraph 328. [Italics supplied.]

The instant case was submitted on a stipulation entered into by counsel for the parties which reads:

The merchandise consists of iron drums, and Mr. Donohue is willing to agree that said drums contained at the time of importation thereof merchandise known as palm oil, which was classified by the Collector of Customs at New York, as entitled to entry free of duty under Paragraph 1732 of the Tariff Act of 1930; and that said drums are the usual, ordinary and necessary containers of such palm oil.

It will be observed that, although the stipulation contains the statement that the involved drums are the "usual, ordinary and necessary containers of such palm oil," it does not contain a statement to the effect that they do not enter into the commerce of the United States otherwise than as mere containers of the imported palm oil; whereas, it appeared in the *Huisking* and *Foster* cases, *supra*, that the metal drums there involved were not capable of use otherwise than in the bona fide transportation of the imported merchandise contained in them.

In the case of *United States* v. *Marx*, 1 Ct. Cust. Appls. 152, T. D. 31210, this court held that certain imported iron drums containing glycerine (a dutiable commodity) were dutiable at 30 per centum ad valorem under paragraph 151 of the tariff act of 1909, the pertinent part of which read:

151. * * * cylindrical or tubular tanks or vessels for holding gas, liquids, or other material, whether full or empty, thirty per centum ad valorem * * *.

It will be observed that the quoted provisions of that paragraph and the involved provisions of paragraph 328, *supra*, are substantially the same.

In its decision in the *Marx* case, *supra*, the court pointed out that for a period of about thirty years prior to the enactment of the provisions of paragraph 151, *supra*, drums of the character there involved, used as containers for glycerine, were admitted free of duty. The court reviewed the legislative history of the provisions there in question, called particular attention to the language "whether full or empty" contained in those provisions, and held that it was the purpose of the Congress by enacting such legislation to cover all cylindrical or tubular tanks or vessels capable of holding gas, liquids, or other materials, *whether full or empty*. In the course of its discussion, the court called attention to the decision in the case of *United States* v. *Ross*, 91 Fed. 108, wherein it was held that glass bottles, which were the usual containers of soda water, were dutiable under paragraph 88 of the tariff act of 1894 (which paragraph provided in substance that certain bottles, "whether filled or unfilled, and whether their contents be dutiable or free" should be dutiable at 40 per centum ad valorem), and said:

The words of this paragraph—

\* \* \* bottles \* \* \* whether filled or unfilled, and whether their contents be dutiable or free \* \* \*

no more strongly indicate the legislative intention to make certain usual containers dutiable than does the language—

\* \* \* cylindrical \* \* \* vessels for holding gas, liquids, or other material whether full or empty \* \* \*.

We cannot agree with the board that the words "whether their contents be dutiable or free" distinguishes the Ross case from the case under consideration. Undoubtedly that special language was inserted in paragraph 88 of the tariff act of 1894 to avoid any complication which might arise touching the status of bottles as containers of goods exempt from duty. Their omission from paragraph 151 of the tariff act of 1909, *whatever might be its effect on the usual containers of free entry goods, can hardly be twisted into a purpose to exempt from duty cylindrical vessels containing dutiable merchandise.* [Italics supplied.]

In the cases of *United States* v. *Garramone*, 2 Ct. Cust. Appls. 30, T. D. 31577, and *United States* v. *Braun Chemical Co.*, 2 Ct. Cust. Appls. 57, T. D. 31596, it was held in substance that metal containers (tin cans used as containers of imported tomatoes and tomato sauce—dutiable commodities—in the *Garramone* case, and cylindrical iron drums used as containers of chloride of magnesium—a dutiable commodity—in the *Braun* case) *were not dutiable under paragraph 151 of the tariff act of 1909*, because it appeared that they were the ordinary and usual containers for the merchandise contained in them; that they were not designed for, and were not capable of, use

otherwise than in the bona fide transportation of such merchandise to the United States; and that they were destroyed, or, at least, had no value as containers when their contents were removed.

In the case of *Colby* v. *United States*, 3 Ct. Cust. Appls. 234, T. D. 32542, this court held that certain cylindrical iron drums, used as containers of cottonseed oil (the drums being the usual containers of the cottonseed oil—a duty-free commodity), *were dutiable under paragraph 151 of the tariff act of 1909.* The court, citing and quoting from the decision in the case of *Merritt* v. *Stephani*, 108 U. S. 106, stated in its decision that the duty provided for in that paragraph was "upon the containers not upon the contents, and this regardless of whether the contents bear specific duties or are free"; that, although the iron drums were "second hand and much worn," they were not destroyed in the removal of their contents but were "capable of continued use"; and that, therefore, the decision in the *Braun* case, *supra*, was not applicable.

In view of the fact that, so far as the evidence of record is concerned, the involved drums are not destroyed when the palm oil is removed therefrom but are capable of continued use in the commerce of the United States, we must hold, on the authority of the decision in the case of *Colby* v. *United States, supra*, that, although they were imported as the usual, ordinary, and necessary containers of duty-free merchandise, they are dutiable under the quoted provisions of paragraph 328, *supra*.

The judgment is *affirmed*.