UNITED STATES *v.* BRAUN CHEMICAL CO. (No. 561).[1]

CYLINDRICAL IRON DRUMS CONTAINING CHEMICAL SALTS.

Where the containers are cylindrical iron drums that it is necessary to cut into two parts in order to remove their contents, and when so cut in two appear to have no value and do not enter into or become a part of the merchandise of this country for any purpose whatever, they are not dutiable under paragraph 151, tariff act of 1909, as cylindrical or tubular tanks or vessels for containing purposes and separately from their contents, but rather as usual containers possessing no value apart from their contents, and their value should be assessed along with the contained merchandise at ad valorem rates under paragraph 3, pursuant to the provisions of subsection 18, section 28, tariff act of 1909.—United States *v.* Marx & Rawolle (T. D. 31210) distinguished.

United States Court of Customs Appeals, May 10, 1911.

APPEAL from Board of United States General Appraisers, Abstract 24523 (T. D. 31182).

[Affirmed.]

*D. Frank Lloyd*, Assistant Attorney General (*William A. Robertson* on the brief); for the United States.

No appearance for the appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise imported in this case was chloride of magnesium, referred to as chemical salts, contained in cylindrical iron drums, $31\frac{3}{4}$ inches high and 22 inches in diameter. These drums were assessed for duty at 30 per cent ad valorem under that part of paragraph 151 of the tariff act of August 5, 1909, relating to "cylindrical or tubular tanks or vessels for holding gas, liquids, or other material, whether full or empty."

The protest claimed them to be usual containers and that their value should be included in the value of the merchandise contained therein, which it appears was dutiable at ad valorem rates under

___

[1] Reported in T. D. 31596 (20 Treas. Dec., 1021).

paragraph. 3 of. the tariff act of 1909. No question is made that the contents of these drums were not properly classified for duty.

The Board of General Appraisers sustained the protest from which the United States appealed, and the only issue here is whether these containers are dutiable under the quoted portion of paragraph 151 or whether they are dutiable as usual coverings at the same ad valorem rate as their contents, pursuant to the provisions of subsection 18 of section 28 of the tariff act of 1909.

The Board of General Appraisers, in sustaining the protest, followed their own decision in the Marx & Rawolle case (T. D. 30644), which was reversed in this court in the case of United States v. Marx & Rawolle (1 Ct. Cust. Appls., 152; T. D. 31210).

The importer submits neither brief nor oral argument in this court.

It appears from the evidence, and we assume the facts to be, in addition to those already stated, that the value of the contents of each container is 2.85 marks, but the monetary value of a mark does not appear; that the value of each container is about 96 cents; that these drums weigh less than 20 pounds each; that they are cylindrical in shape; that the chemical salts contained therein, which are a natural product, are heated and poured into the drums through a cap about 6 inches in diameter; that thereafter the contents solidify; that the only way of removing the same from the drum is by cutting it in two, but at what point or in what manner does not appear; and that it is not possible to remove the contents by heating the same and the drum, because the heat would cause the drum to come apart.

The evidence does not disclose that these drums are ever used for any purpose after their contents are removed, or in anywise become the subject of sale, or enter into the commerce of this country in competition with similar articles made here, or with the material from which they are made.

By inference, at least, the board found that they were the usual coverings or containers, and while the evidence is meager on this point, it is all one way, and we think on the whole it warrants such a conclusion.

The main contention of the United States is that the decision of the board in the Marx & Rawolle case, having been reversed in this court, it follows that reversal should likewise be had in this case.

We think it is unnecessary, in view of our decision in the case of United States v. Garramone (T. D. 31577), in which opinion is filed concurrently herewith, to enter upon a lengthy discussion of the principles involved; but that it is sufficient to say that the drums in this case appear to be the usual containers of the imported merchandise, the character and use of which as such containers is ended when the contents are removed therefrom; that thereafter such drums do not appear to be devoted to any useful purpose, or to be adapted thereto, or to

have any value, or to enter into or become a part of the merchandise of this country for any purpose. From the fact that when subjected to heat they come apart it would seem that they were not of durable construction. They are, therefore, clearly distinguishable from the containers involved in the Marx & Rawolle case, and although larger in size, fall within the classification of the containers involved in the Garramone case.

The result is that the judgment of the Board of General Appraisers is *affirmed.*