UNITED STATES *v.* BENE et al. (No. 1598).[1]

1. CONTAINERS OF " GAS, LIQUIDS, OR OTHER MATERIAL."

Strong sheet-iron drums, containing binoxide of barium, some barrel-shaped and some tubular, the barrel-shaped ones having in the head an opening closed by a readily removable and replaceable lid, and the tubular, one closed by a cork and sealed by a tin cap the removal of which does not injure the container, the single completed use of which did not destroy them or affect their status as containers, are dutiable under paragraph 127, tariff act of 1913, as " * * * cylindrical or tubular tanks or vessels, for holding gas, liquids, or other material."—United States *v.* Garramone (2 Ct. Cust. Appls., 30; T. D. 31577) and United States *v.* Braun Chemical Co. (2 Ct. Cust. Appls., 57; T. D. 31596) distinguished, and United States *v.* Marx (1 Ct. Cust. Appls., 152; T. D. 31210) followed.

2. BARREL—CYLINDER.

Within the meaning of paragraph 127, tariff act of 1913, a barrel-shaped drum may properly be regarded as a cylindrical vessel.

United States Court of Customs Appeals, January 28, 1916.

APPEAL from Board of United States General Appraisers, Abstract 38167.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, of counsel), for the United States.
*Allan R. Brown* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court.

This case involves the tariff classification of iron drums containing binoxide of barium, which were imported at the port of New York and assessed by the collector of customs as cylindrical or tubular tanks or vessels, dutiable at 20 per cent ad valorem under the provisions of that part of paragraph 127 of the tariff act of 1913 which reads as follows:

127. * * * Cylindrical or tubular tanks or vessels, for holding gas, liquids, or other material, whether full or empty; * * * 20 per centum ad valorem.

---

[1] Reported in T. D. 36145 (30 Treas. Dec., 206).

The importers claimed in their protest that the drums were the usual containers of merchandise subject to a specific rate of duty and that they were therefore entitled to free entry. The board found that the drums were the usual containers of binoxide of barium and that, as it was necessary to destroy the containers in order to remove the contents, the drums were not dutiable as found by the collector.

In support of the board's decision the importers contend that the iron drums under consideration are of the same class and character as those involved in United States v. Garramone (2 Ct. Cust. Appls., 30; T. D. 31577) and United States v. Braun Chemical Co. (2 Ct. Cust. Appls., 57; T. D. 31596). We do not think that the evidence disclosed by the record on appeal justifies that contention.

It appears from the evidence and samples in the case that the drums the classification of which was protested are made of sheet iron and that one of them is barrel shaped and the other, a smaller vessel, is apparently a right cylinder in form. In the head of the barrel-shaped drum there is a large opening by means of which the vessel may be filled or emptied. This opening is covered by a lid which, when the vessel is in normal condition, can be readily removed and replaced. The smaller vessel has also an opening in the head which, according to the testimony, is closed by a cork sealed in place by a tin cap. To remove the cork the tin cap is cut off, and the sample shows that the removal of the tin cap does not injure the container in any way. It is not disputed that drums of the kind represented by the larger vessel have an invoice value of $2.70 and those of which the smaller container is a type an invoice value of $2.14. It was shown by the testimony that both kinds of drums have some merchantable value after the removal of the binoxide of barium, and it is apparent from an examination of the samples that both are available for further use as receptacles. As the drums in question are strongly built metal vessels, the single completed use of which did not reduce them to rubbish or affect their status as containers, we think they are very clearly distinguishable from those which we considered in United States v. Garramone, *supra*, and United States v. Braun Chemical Co., *supra*. It is true that the large drum is barrel shaped and therefore not a right cylinder in form. A barrel, however, is defined to be a cylindrical wooden vessel (Oxford Dictionary), a vessel or cask of a cylindrical form, generally bulging in the middle, usually made of wooden staves bound together with hoops, and having flat parallel heads (Century Dictionary), an approximately cylindrical vessel, usually slightly bulging in the middle, generally made of wooden staves held together by hoops (Standard Dictionary). A barrel-shaped drum may, therefore, we think, be properly regarded as a cylindrical vessel.

The drums made the subject of controversy by this appeal are smaller in size, but are not otherwise substantially different from those which were held by this court in United States *v*. Marx (1 Ct. Cust. Appls., 152; T. D. 31210) to be dutiable at 30 per cent ad valorem as cylindrical or tubular tanks or vessels under paragraph 151 of the tariff act of 1909. The provision of that paragraph for cylindrical or tubular tanks or vessels was reenacted as paragraph 127 of the tariff act of 1913 without any change other than the imposition of a duty of 20 per cent instead of 30 per cent ad valorem. Adhering to the ruling made in the case of United States *v*. Marx, we must hold that the drums in the present case are not free of duty, but that they were correctly classified and assessed for duty by the collector under paragraph 127.

The decision of the Board of General Appraisers is therefore *reversed*.