WINES & SPIRITS (HAWAII), LTD. *v.* UNITED STATES (NO. 4061)[1]

United States Court of Customs and Patent Appeals, December 23, 1937

*Lawrence & Tuttle* (*Frank L. Lawrence* and *Charles F. Lawrence* of counsel) for appellant.

*Joseph R. Jackson*, Assistant Attorney General (*Joseph F. Donohue* and *John J. McDermott*, special attorneys, of counsel), for the United States.

[1] T. D. 49338.

[Oral argument December 8, 1937, by Mr. Frank L. Lawrence and Mr. Donohue]

Before BLAND, Acting Presiding Judge, and HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This appeal involves the classification and assessment with duty of certain bottles containing brandy, imported at the port of Honolulu in 1935. The bottles were classified by the collector and assessed with duty under the provisions of paragraphs 217 and 810 of the Tariff Act of 1930.

Appellant filed a protest claiming the bottles to be "free of duty as usual containers of specific-duty merchandise, because not reusable as containers."

Upon the trial before the Customs Court appellant's counsel stated:

: The protest relates to 43 cases of merchandise and we will abandon as to all merchandise except that contained in cases 36 to 42, invoiced as "7 C/S Brandy Qts."; I will submit upon the official papers in the case, the appraiser's and collector's reports, which are timely.

The answer to the protest signed by the appraiser reads in part as follows:

Bottles Containing Wines & Spirits—Bottles classified as dutiable under Pars. 217 and 810, T. A. 1930 and T. D. 47095; the fact that the bottles in question may not be used again for the original purpose does not, in the opinion of this office, detract from the fact that same are dutiable under Par. 810, T. A. 1930, when imported.

The collector's letter describing the merchandise stated that the bottles embraced in the protest were classified under said paragraphs 217 and 810 and assessed with duty at ⅓ and ½ cents per pound.

Paragraph 217 is a part of schedule 2 and reads as follows:

PAR. 217. Bottles, vials, jars, ampoules, and covered or uncovered demijohns, and carboys, any of the foregoing, wholly or in chief value of glass, filled or unfilled, not specially provided for, and whether their contents be dutiable or free (except such as contain merchandise subject to an ad valorem rate of duty, or to a rate of duty based in whole or in part upon the value thereof, which shall be dutiable at the rate applicable to their contents), shall be subject to duty as follows: If holding more than one pint, 1 cent per pound; if holding not more than one pint and not less than one-fourth of one pint, 1½ cents per pound; if holding less than one-fourth of one pint, 50 cents per gross: *Provided*, That the terms "bottles," "vials," "jars," "ampoules," "demijohns," and "carboys," as used herein, shall be restricted to such articles when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise, and not as appliances or implements in chemical or other operations, and shall not include bottles for table service and thermostatic bottles.

Paragraphs 802 and 810 are a part of schedule 8 and read as follows:

PAR. 802. Brandy and other spirits manufactured or distilled from grain or other materials, cordials, liqueurs, arrack, absinthe, kirschwasser, ratafia, and

bitters of all kinds containing spirits, and compounds and preparations of which distilled spirits are the component material of chief value and not specially provided for, $5 per proof gallon.

PAR. 810. When any article provided for in this schedule is imported in bottles or jugs, duty shall be collected upon the bottles or jugs at one-third the rate provided on the bottles or jugs if imported empty or separately.

The trial court assumed, we think correctly, from the statement of counsel upon the trial, hereinbefore quoted, that the merchandise embraced in the protest not abandoned consisted of brandy in quart bottles, and held that the brandy was dutiable under schedule 8 at the rate of $5 per proof gallon, and that the bottles were dutiable at one-third of 1 cent per pound.

In arriving at this decision, the court held that whether or not the involved bottles could be reused was immaterial.

From the judgment entered by the trial court this appeal was taken.

House Joint Resolution 370, approved June 18, 1934, reads, insofar as it is here pertinent, as follows:

*Resolved by the Senate and House of Representatives of the United States of America in Congress assembled*, That whenever in his judgment such action is necessary to protect the revenue, the Secretary of the Treasury is authorized, by the regulations prescribed by him, and permits issued thereunder if required by him (1) to regulate the size, branding, marking, sale, resale, possession, use, and reuse of containers (of a capacity of less than five wine-gallons) designed or intended for use for the sale at retail of distilled spirits (within the meaning of such term as it is used in title II of the Liquor Taxing Act of 1934) for other than industrial use, and (2) to require, of persons manufacturing, dealing in, or using any such containers, the submission to such inspection, the keeping of such records, and the filing of such reports as may be deemed by him reasonably necessary in connection therewith. * * * Any requirements imposed under this joint resolution shall be in addition to any other requirements imposed by, or pursuant to, existing law, and shall apply as well to persons not liable for tax under the internal-revenue laws as to persons so liable.

Purporting to be pursuant to the authority of said Joint Resolution, in 1934 a very sweeping regulation was issued respecting the use and reuse of bottles for distilled spirits. This regulation is designated as follows:

### REGULATIONS 13

PROVISIONS OF JOINT RESOLUTION APPROVED JUNE 18, 1934, ENTITLED "JOINT RESOLUTION TO PROTECT THE REVENUE BY REGULATION OF THE TRAFFIC IN CONTAINERS OF DISTILLED SPIRITS"

The regulation consists of eight articles, occupying nine pages of printed matter. Article 5 reads in part as follows:

ART. 5. *Imports and exports.*—(1) From and after November 1, 1934, the importation into the United States of containers of one-half pint capacity or greater for use in packaging distilled spirits for sale at retail, except in connection with the importation of the liquor contained therein, is prohibited: *Provided*, That upon application by any importer the supervisor of the district in which the port of

entry is situated may in his discretion, by the issuance of an appropriate permit, authorize the importation of empty liquor bottles, or other containers, for packaging distilled spirits imported by him. There shall be blown legibly either in the bottom or in the body of all empty bottles imported under the provisions of this paragraph the name, and the name of the city of address, of the importer thereof, and there shall be blown legibly in the shoulder of each bottle the words "Federal Law Forbids Sale or Reuse of This Bottle."

(2) From and after March 1, 1935, no distilled spirits for sale at retail may be imported into the United States in containers of one-half pint capacity or greater, other than liquor bottles as defined herein, unless in accordance with the terms of a permit issued, upon proper application, by the supervisor of the district in which the port of entry is situated, expressly authorizing importation in containers other than liquor bottles.  *  *  *

\*          \*          \*          \*          \*          \*          \*

(4) Containers, whether filled or empty, imported in violation of the provisions of this article shall be denied entry into the United States.

Article 7 of said regulation reads as follows:

ART. 7. *Purchase, sale, and possession of used bottles.*—(1) The purchase or sale of used liquor bottles, except as herein provided, and the reuse thereof for packaging distilled spirits, are prohibited.

(2) The possession of used liquor bottles by any person other than the person who empties the contents thereof is prohibited. This shall not prevent the owner or occupant of any premises upon which such bottles may lawfully be emptied from assembling the same in reasonable quantities upon such premises for the purposes of destruction.

It is the contention of appellant that, since the reuse of the bottles here involved is prohibited, they should be admitted free of duty as usual containers, and that said regulation in effect repeals paragraph 810 of the Tariff Act of 1930, insofar as it relates to containers of alcoholic beverages.

In support of this contention, appellant cites a number of decisions of this court relative to a provision in prior tariff acts embracing drums and cylindrical vessels, whether full or empty, wherein it was held that if such drums or cylindrical vessels could not be used after their contents had been emptied, they were not separately dutiable as such drums and cylinders. Illustrative of such cases are *United States* v. *Murphy & Co.*, 9 Ct. Cust. Appls. 248, T. D. 38206, and *United States* v. *Braun Chemical Co.*, 2 Ct. Cust. Appls. 57, T. D. 31596.

We do not think that the cases cited have any application here for the reason that in none of said cases was specific statutory language employed with reference to merchandise and its containers, as is here involved. In the case at bar it is expressly provided that bottles containing spirits, wines, and other beverages provided for in schedule 8 shall be separately dutiable at a specified rate.

No exception is made in paragraph 810 with regard to reuse of bottles in which liquor is imported, and in order to sustain appellant's contention we would be compelled to hold that a regulation of the Treasury Department modified or amended said paragraph 810.

There is nothing in Joint Resolution 370, *supra*, that in itself amends the Tariff Act of 1930, either expressly or by implication.

The regulation is very sweeping in character. It will be observed that article 5 prohibits the importation of bottles except in connection with the importation of liquor contained therein, except that the supervisor of the Alcohol Tax Unit of the Bureau of Internal Revenue for the district in which the importation is made may, in his discretion, under certain circumstances, permit such importation.

We find nothing in said Joint Resolution authorizing the Secretary of the Treasury to regulate the importation of bottles, such as are here involved.

However, it is not necessary for us to pass upon the validity of said regulation, for the reason that in the absence of amendment of paragraph 810 through the direct action of Congress, either expressly or by implication, we must hold that said paragraph makes dutiable all bottles therein specified, regardless of whether or not they may be reused for other purposes after the emptying of their contents.

We think the decision of the Customs Court was right and its judgment is *affirmed.*