(C.D. 2282)

W. J. BYRNES & CO.
FAR EAST VAN SERVICE, INC. } *v.* UNITED STATES

## United States Customs Court, First Division

(Decided September 19, 1961)

*Lawrence & Tuttle (Barnes, Richardson & Colburn* by *Edward N. Glad* of counsel) for the plaintiffs.

*William H. Orrick, Jr.,* Assistant Attorney General (*Richard E. FitzGibbon,* trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: The merchandise covered by the protests enumerated in the attached schedule (which were consolidated for the purpose of trial and disposition together) consists of so-called "K" vans. These are also known as sea, tote, or lift vans and were made abroad and used for the transportation of the household or personal effects of military personnel returning to this country.

The contents of the vans were admitted to free entry, but the vans were assessed with duty by the collector at the rate of $16\frac{2}{3}$ per centum ad valorem under the provision in paragraph 412, Tariff Act of 1930, as modified by T.D.'s 52373 and 52476, for manufactures of wood, not specially provided for. Although it is not so stated in either the entry papers or in the protests and the papers accompanying them, it seems clear that the assessment of duty was made upon the vans under the authority of section 504, Tariff Act of 1930, which reads as follows:

SEC. 504. COVERINGS AND CONTAINERS.

If there shall be used for covering or holding imported merchandise, whether dutiable or free of duty, any unusual material, article, or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duties shall be levied upon such material, article, or form at the rate or rates to which the same would be subjected if separately imported.

The claim made in each of the protests is for free entry of the vans as the usual containers of duty-free merchandise.

The evidence establishes that the vans are constructed of three-quarters of 1 inch to 1-inch plywood, either 8 by 8 by 8 feet in dimensions or 8 by 8 by 12 feet long. The plywood floor is reinforced by 2-by-4 lumber and has 4-by-4 skids underneath it. The edges and corners are enclosed in a frame of metal approximately five thirty-seconds of an inch in thickness. There is a removable door, 4 feet wide, in the center of the front of each van, running from the floor to within 10 inches of the top. The vans were designed, constructed, and are used only for the transportation of household effects and will hold approximately 40 pounds per square foot of floor space.

The vans are owned by the transportation company, not by the person whose merchandise is being shipped, and are used over and

over again to transport household effects until they wear out. In such use, one van may at one time contain the effects of more than one person.

The evidence offered by the plaintiffs was uncontradicted, the defendant offering no evidence on the trial of the issue, and failing to file a brief in the matter, although time therefor was requested and granted.

Under these circumstances, we are of the opinion that the evidence clearly establishes that the vans in issue were designed solely for use in the *bona fide* transportation of imported merchandise, and that they are the usual and ordinary containers of duty-free merchandise, to wit, the household effects of returning military personnel.

The situation with respect to the lift vans here in issue is, in all material respects, the same as that involved in the case of the wooden boxes and pallets the subject of our decision in *John V. Carr & Son, Inc.* v. *United States*, 37 Cust. Ct. 226, C.D. 1828, cited in the brief filed on behalf of the plaintiffs. Thus, it appears that the vans in issue are the usual and ordinary containers customarily used to transport duty-free household effects, which, because of the sturdy, substantial design and construction necessary for use in connection with the initial importation, may be exported and reused as import containers for other shipments of household effects. They are containers which are neither unusual nor designed for use otherwise than in the *bona fide* transportation of the merchandise imported therein.

For the reasons expressed in our opinion in the *Carr* case, *supra*, the claim in each of the protests for free entry as the usual containers of duty-free merchandise is sustained, and judgment will issue accordingly.