(C.D. 2542)

SHALOM BABY-WEAR, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 7, 1965)

*Lane, Young & Fox* (*William Whynman* and *William H. Fox* of counsel) for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Richard J. Kaplan*, trial attorney), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: This is a protest against the classification and assessment of additional duty on certain imported merchandise referred to herein as "Boston Bags." Three different articles are involved—a two-piece child's pajama, a small airline kit bag, referred to as a "Boston Bag," and a tag on which is designed a sketch of the pajama with the words "NIGHT FLIGHT TWO PIECE PAJAMA *warn [*sic*] napped flannelette STYLED TO FIT." The pajama, the bag, and the tag were marked plaintiff's exhibits 1, 2, and 3, respectively. Normally, the tag is attached by a string to the bag. The words "ARISTO JETLINES" imprinted on each bag, supposedly relate to Aristo Togs, the trade name of the importer herein.

The basic duty on all the items is concededly correct. The pajama and the bag were assessed with duty at the rate of 42½ per centum ad valorem under paragraph 1529(a) of the Tariff Act of 1930, as modified by T.D. 54108, as an entirety. In addition thereto, duty at the rate of 12½ per centum ad valorem was imposed, by virtue of section 504, the bag being considered an unusual container, under the provisions of paragraph 1537(b) of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by Presidential proclamation, 90 Treas. Dec. 280, T.D. 53877, which provides for manufactures of rubber.

This case concerns the property of the assessed duty of 42½ per centum ad valorem under paragraph 1529(a), pursuant to section 504

of the tariff act, upon the Boston bags on the theory that they were part of an entirety and that the bags were unusual containers.

The plaintiff denies the theory of entirety and the theory of unusual container as applicable to the instant merchandise. Plaintiff asserts that the bag was not a pajama container at all, but that it was a separate item of merchandise, as was the pajama, to be sold either together with or separately from the pajama.

The sole issue is whether the Boston bags herein were properly assessed with the aforesaid 42½ per centum ad valorem duty, in addition to the 12½ per centum under paragraph 1537(b), as modified, *supra*.

At the trial of this case, the witness, an importer of children's wear from the Far East, testified that he visited Japan and bought the invoiced merchandise here involved. He purchased the pajama, exhibit 1, from Kansai Fuhaku Seihin K.K. Province Wada, Japan, manufacturer of knit goods. He purchased the items invoiced as "Boston Bags: Spun Rayon Rubberized Boston Bags, Chief value: Rubber" from another manufacturer, Funamori Sangyo K.K., Osaka, Japan. He described the packing of the merchandise for shipment. Twelve dozen pajamas and 12 dozen Boston bags were packed into a large outer cardboard container. One dozen pajamas of assorted sizes and colors, each in a poly bag, were packed in a paper wrapping, with a string around it. The Boston bags, exhibit 2, were packed 1 dozen to a paper wrap, with string around it, 12 dozen in the same cardboard container. His firm sold only in wholesale quantities, the quantity unit of sale being generally 1 dozen.

On other occasions, the witness stated that the plaintiff imported Boston bags separately, and pajamas separately.

Since the basic duty of the imported merchandise herein under the other pertinent paragraphs of the tariff act is not in dispute, the only controversy revolves around the issue involving section 504 (19 U.S.C. § 1504) of the Tariff Act of 1930, under which the Boston bags were assessed with additional duties. This reads as follows:

SEC. 504. COVERINGS AND CONTAINERS.*

If there shall be used for covering or holding imported merchandise, whether dutiable or free of duty, any unusual material, article, or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duties shall be levied upon such material, article, or form at the rate or rates to which the same would be subjected if separately imported.

One of the purposes of this section quite understandably is to penalize merchandise which is imported into the country under the guise of usual coverings or containers, when, in fact, such coverings or containers themselves are dutiable merchandise. In order to be ad-

---

*Section 504 was repealed by Public Law 87–456, Tariff Classification Act of 1962, T.D. 55638.

mitted free of duty as a *bona fide* covering or container of dutiable merchandise, such covering or container should be the usual container employed in transporting such goods. *United States* v. *Stirn*, 3 Ct. Cust. Appls. 62, T.D. 32350.

If the coverings or containers of imported merchandise are unusual, and are designed for some substantial, material, or valuable use other than containing the merchandise for transportation, they are subject to additional duty. *Meyer & Lange* v. *United States*, 12 Ct. Cust. Appls. 15, T.D. 39892.

However, in a situation where the container is, in fact, unusual for the merchandise, it may, nevertheless, not be subject to additional duty where the container itself was invoiced and entered as dutiable merchandise. In *United States* v. *Yamamoto & Co.*, 10 Ct. Cust. Appls. 70, T.D. 38338, the imported merchandise was human hair, packed in leather trunks. The trunks were classified as unusual coverings and additional duties were assessed. The court of appeals, however, stated that since the trunks were imported as merchandise, no attempt being made to introduce them as coverings, and the trunks were dutiable as manufactures of leather, and the hair goods as manufactures of human hair, additional duty should not have been levied.

The reasoning in the *Yamamoto* case, *supra*, would permit importation of dutiable merchandise in a dutiable container, though unusual, where each article is entered as dutiable, no attempt being made to import such container as the usual container for such merchandise. To hold otherwise would be "to penalize a mere convenience and economy in transportation," the court observed.

Typical of the cases under this statute, in the instances following, we find that merchandise was actually enclosed in the containers, some of which were held to be unusual and others as usual containers for transporting the particular imported merchandise.

In *United States* v. *W. J. Mulligan & Co.*, 29 CCPA 117, C.A.D. 179, glass liquor containers in the form of certain birds and animals were dutiable as unusual containers.

In *Julliard Fancy Foods Co.* v. *United States*, 33 Cust. Ct. 1, C.D. 1625, in which numerous cases on usual and unusual containers were cited, pots of Fleur de Lys prepared mustard from France, decorated with trademark and name of maker, discarded after mustard was consumed, were held properly entitled to free entry as ordinary containers for prepared mustard.

In *John V. Carr & Son, Inc.* v. *United States*, 37 Cust. Ct. 226, C.D. 1828, certain wooden boxes and pallets were held to be usual and ordinary containers customarily used to transport finished auto pistons, even though, because of sturdy and substantial design and construction necessary for the initial importation, they could be reused for other shipments.

In *United States* v. *Charles H. Demarest, Inc.*, 19 CCPA 186, T.D. 45293, decorated china jars, containing importations of ginger, useful after the ginger was consumed, were held to be unusual containers.

In *Mediterranean Importing Co., Inc.* v. *United States*, 37 Cust. Ct. 32, C.D. 1795, ice decanters, imported filled with wine, used also as coolers, and which were of substantial value, as compared with contents, and were definitely used for other purposes than as containers for transportation, were held to be unusual containers.

In the much-cited case on the instant subject, *United States* v. *Hohner et al.*, 4 Ct. Cust. Appls. 122, T.D. 33393, the imported merchandise consisted of harmonicas in wooden tray boxes. The boxes were so constructed that they could be used, when opened, to display three movable trays of harmonicas. The court observed that this was but an incidental use of a covering or container and did not render it an unusual container for dutiable purposes.

It must be observed that in all of the cases cited, *supra*, and in the many cases cited therein, merchandise was actually enclosed in the covering or container.

It becomes obvious that those cases are not analogous to the case at bar. Here, the pajama was not imported enclosed in the Boston bag. The Boston bag was imported empty. That the pajama and the bag were imported together and at the same time with other merchandise is not necessarily significant. That a merchant should try to sell, by suggestion, the bag to a customer who buys the pajama, likewise is not necessarily significant tariffwise.

Plaintiff's exhibits 1, 2, and 3, the pajama, the Boston bag, and the tag, respectively, are presently before the court. A visual examination of these exhibits affords a closer appreciation of the issue.

If one were to see the bag alone it is highly unlikely, in the opinion of this court, that it would suggest itself as a pajama bag, although undoubtedly a child's pajama could be carried therein. Confining the use of the bag to pajama container does not appear practical. Many articles of suitable size, too numerous to mention, could be carried therein.

The instant situation requires a careful consideration of the terms "usual container" and "unusual container." To say that the bag is a usual container for this pajama would be inaccurate. This would not necessarily mean, therefore, that the bag is, *ipso facto*, an unusual container for it. "Unusual container" for tariff purposes would command additional duties. The same expression in common everyday language could mean that it was unlikely that it was a pajama bag only. With this view in mind, counsel for plaintiff is not incorrect when he argues that it is not a usual container, and then also that it is not an unusual container in the tariff sense, but that it is a separate and distinct item of merchandise.

This court notes the defendant's assertion that the three items of merchandise, the pajama, the bag, and the tag, are referred to in the testimony as a set, indicating thereby an entirety. Cited is *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T.D. 41232. In our opinion, this case is not analogous. The connection between the pajama and the bag by the tag is too nebulous to support an inference of a dutiable entirety. The argument that the three items of merchandise herein comprise such an entirety is not persuasive.

Of direct significance to the issue herein, we read from the record (p. 11) a pertinent section of testimony adduced by plaintiff's counsel of his witness:

Q. Mr. Shalom, were any of the pajamas in any of the Boston Bags?—A. Never.

Q. Never when you got them or received them?—A. Never.

Q. In connection with your sales were these pajamas, which is Exhibit 1, and the bag, which is Exhibit 2, were they always sold together?—A. No, they were not.

Q. How were they sold?—A. I will try to clarify it. We brought them in to try to sell them together. We did hope that it would stimulate sales by having a gimmick. But we couldn't always sell them together. We sold whatever they wanted, if they wanted the bags we sold them separately; if they wanted the pajamas, we sold them separately; if they wanted the set we sold them.

It is the opinion of this court that the merchandise herein, represented by plaintiff's exhibit 2, the bag referred to as a Boston bag, is not a usual container or covering for the pajamas involved herein, nor is it an unusual container or covering for the said pajama within the meaning of section 504 of the Tariff Act of 1930, and, therefore, is not subject to additional duty thereunder.

The court holds further that the aforesaid Boston bag is a separate and distinct article of commerce, an item of merchandise, dutiable under paragraph 1537(b), Tariff Act of 1930, as modified, *supra*, at 12½ per centum ad valorem.

Judgment will be entered accordingly.